**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


OAKWOOD APARTMENTS, LLC,  )
          )
    Plaintiff,  )
          )
  v.       )   1:13CV208
          )
KPC PROPERTIES, LLC, a/k/a KPC )
PROPERTIES, INC., and SMOLER & )
ASSOCIATES, P.A.,    )
          )
    Defendants.  )


## <u>MEMORANDUM OPINION AND ORDER</u>

This case comes before the Court on Defendants' Motion seeking an order "allowing the representative for said Defendants to attend the Court ordered Settlement Conference . . . by telephone conference rather than appearing in person" (Docket Entry 63). (See Docket Entry dated June 11, 2014.)  For the reasons that follow, the Court will deny the instant Motion and will direct a representative of each party with authority to make ultimate decisions about this case to appear in person, along with counsel of record, at the settlement conference.

<u>BACKGROUND</u>

Plaintiff commenced this action (which arises from an unconsummated, commercial real estate purchase) in state court and Defendants removed it to this Court based on diversity jurisdiction. (See Docket Entries 1, 2.)  Defendants answered and counterclaimed. (Docket Entry 7.)  Plaintiff responded. (Docket Entry 8.)  The parties thereafter submitted and the Court adopted a case-management plan. (Docket Entry 10; Text Order dated June

24, 2013.)  Consistent therewith, the parties participated in an unsuccessful mediation on August 22, 2013, i.e., early in the discovery period.  (Docket Entry dated Aug. 28, 2013; see also Docket Entry 10 at 2; Docket Entry 11.)  On August 26, 2013, the Court noticed the case for a bench trial during the July 2014 Master Calendar Term.  (Docket Entry 13.)  That Notice specifically advised the parties that a settlement conference would take place at least two weeks prior to the trial date and further stated: "Counsel are directed to bring their clients and a representative from the corporations to the settlement conference."  (Id. at 1.) At the end of the discovery period, Plaintiff moved for summary judgment (Docket Entry 22), Defendants responded (Docket Entry 34), and Plaintiff replied (Docket Entry 36).  The Court (per Chief United States District Judge William L. Osteen, Jr.) thereafter declined to enter summary judgment for Plaintiff on its claims, but did enter summary judgment against Defendants on certain of their affirmative defenses.  (Docket Entry 41.)

On May 27, 2014, the Court gave notice of the specific date and time of the settlement conference (June 18, 2014 at 11:00 a.m.), set the location (Hiram H. Ward Federal Building, Winston-Salem, North Carolina), and directed the parties to submit to the Court and to serve on each other short memoranda regarding the case.  (Docket Entry 39.)  That notice reminded counsel of their obligation "to bring their clients and a representative from the corporation(s) to the settlement conference."  (Id. at 1.)  On June 6, 2014, Defendants filed their instant Motion.  (Docket Entry 40.)

Plaintiff promptly responded in opposition. (Docket Entry 41.)
Yesterday, the Court moved the location of the settlement
conference to the L. Richardson Preyer United States Courthouse,
Greensboro, North Carolina, but left the date and time unchanged.
(Docket Entries 43, 44.)[1]

## DISCUSSION

Federal courts possess statutory authority to impose "a
requirement that, upon notice by the court, representatives of the
parties with authority to bind them in settlement discussions be
present or available by telephone during any settlement
conference." 28 U.S.C. § 473(b)(5). Consistent with that
authority, the Federal Rules of Civil Procedure provide that, "[i]f
appropriate, the [C]ourt may require that a party or its
representative be present or reasonably available by other means to
consider possible settlement." Fed. R. Civ. P. 16(c)(1); see also
Fed. R. Civ. P. 16, advisory comm. nn., 1993 amend., subdiv. (c)
(identifying as one of the "primary purposes of the changes to
subdivision (c)" made at that time "eliminat[ing] questions that
have occasionally been raised regarding the authority of the court
to make appropriate orders designed . . . to facilitate
settlement"). Finally, courts have held that, in addition to the
authority granted by Section 473(b)(5) and Rule 16(c)(1), a

---

[1] Perhaps because that notice altering the location of the
settlement conference did not include the language regarding
memoranda that appeared in the May 2014 notice, the Court did not
receive any such memoranda by June 12, 2014 (the deadline set in
the May 2014 notice). The Court will remedy any confusion on that
subject by imposing a new deadline.

"district court has broad authority to compel participation in [a] mandatory settlement conference . . . [based on its] inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" United States v. United States Dist. Ct. for the N. Mariana Islands, 694 F.3d 1051, 1057-58 (9th Cir. 2012) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)); see also Grenion v. Farmers Ins. Exch., No. CV12-3219(JS)(GRB), 2014 WL 1284635, at *3 (E.D.N.Y. Mar. 14, 2014) (unpublished) ("Even before [Rule 16] was amended to specify that a district court had the authority to direct a party to be present, at least one Circuit decision held that a magistrate judge had the authority to order corporate representatives to attend a settlement conference." (citing G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989) (en banc))).

Here, as set forth in the Background section, both the original notice in August 2013 and the follow-up notice in May 2013 mandated personal appearance at the settlement conference not only by counsel of record, but also by a representative of each party. Via their instant Motion, Defendants seek relief from that requirement. (See Docket Entry 40 at 1.) Defendants purport to have so moved "[p]ursuant to Local Rule 7.3(j)" (Docket Entry 40 at 1) and have not filed a supporting brief (see Docket Entries dated June 6, 2014, to present). The Local Rule provision cited by Defendants does excuse the filing of a brief in connection with nine specified motions; however, that nine-motion list does not

4

include motions to excuse the personal appearance of representatives of an organizational party at a settlement conference (or any other proceeding). See M.D.N.C. LR7.3(j). Accordingly, Defendants had an obligation to file a brief in support of their instant Motion. See M.D.N.C. LR7.3(a) ("All motions unless made during a hearing or at trial shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule."). Defendants' failure to meet that obligation constitutes grounds for denial of their instant Motion, because "[a] motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied," M.D.N.C. LR7.3(k).

Even if the Court treated the instant Motion as both the required motion and required brief for purposes of the Local Rules, it still would fall afoul of other material provisions of the Local Rules. In that regard, the instant Motion offers the following justification for the relief it seeks:

> Defendants[' representatives] live and work in Broward County, Florida and . . . will incur significant expense and hardship to travel to Winston-Salem for the settlement conference. They previously traveled to North Carolina on two (2) separate occasions, in good faith, to appear for mediation and depositions and incurred significant travel expenses to do so. They will incur significant travel expenses again to appear at the trial of this matter . . . should a settlement not be reached . . . . Defendants are focused on the purpose and substance of the settlement conference, and [] Plaintiff will not be prejudiced by Defendants' [representatives'] appearance by telephone.

(Docket Entry 40 at 1.) "When allegations of facts not appearing of record are relied upon to support a motion, affidavits, parts of depositions, and other pertinent documents then available shall

5

accompany the motion." M.D.N.C. LR7.3(e); see also M.D.N.C. LR7.2(a)(2) (requiring opening briefs to include "[a] concise statement of facts" and providing that "[e]ach statement of fact should be supported by reference to a part of the official record in the case"). Notably, Defendants have cited no evidence or record material supporting their factual assertions regarding the "significant expense and hardship" that their representatives allegedly will face in attending the settlement conference, the "significant travel expenses" they allegedly incurred in attending the earlier mediation and depositions, or the "significant travel expenses" they allegedly will incur at any trial. (See Docket Entry 40 at 1.) Nor does the instant Motion identify any evidentiary or record basis for the factual assertion that "Defendants are focused on the purpose and substance of the settlement conference." (See id.)

"The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer." Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485 (D. Ariz. 2003); see also Dunaway v. Estate of Aiken, No. 3:11CV49RLY-WGH, 2011 WL 6211228, at *2 (S.D. Ind. Dec. 14, 2011) (unpublished) ("[C]ourt-ordered settlement conferences are serious attempts to settle claims . . . ."). Courts generally have concluded that, "[f]or settlement conferences to be productive and worthwhile, . . . settlement negotiations must take place in the physical presence of the parties and qualified representatives from both sides."

Pitman, 216 F.R.D. at 486; accord, e.g., Dunaway, 2011 WL 6211228, at *2 (observing that judicial settlement conferences "are intended to convey information helpful and important to the ultimate decision makers . . . [and that] orders, therefore, require people with actual authority to settle the case to be present in person and to actively participate"); Dvorak v. Shibata, 123 F.R.D. 608, 609 (D. Neb. 1988) ("It is often true that as a result of [settlement conference] presentations, the clients' positions soften to the extent that meaningful negotiation, previously not seriously entertained, becomes possible.  This dynamic is not possible if the only person with authority to negotiate is located away from the courthouse and can be reached only by telephone."). Given these well-recognized principles favoring personal appearance by individual representatives of organizational parties at settlement conferences, the Court will not grant the requested relief based on bald, unsupported assertions of burden.  In other words, "circumstances could arise in which requiring a corporate representative (or any litigant) to appear at a pretrial settlement conference would be so onerous, so clearly unproductive, or so expensive in relation to the size, value, and complexity of the case that it might be an abuse of discretion [to enforce such a requirement]," G. Heileman, 871 F.2d at 654, but Defendants have not come close to making the requisite showing.[2]

---

[2] The Purchase and Sale Agreement at issue set the purchase price of the subject real estate as $5,700,000.  (Docket Entry 7-1 at 2.)  The value of the case thus does not facially appear small.

<u>CONCLUSION</u>

Defendants have failed to comply with the Court's Local Rules and have failed to show good cause for the relief they requested.

**IT IS THEREFORE ORDERED** that Defendants' Motion (Docket Entry 40) is **DENIED** and that a representative of each party with authority to make ultimate decisions about this case shall appear in person, along with counsel of record, at the settlement conference.

**IT IS FURTHER ORDERED** that, by Noon on June 16, 2014, each party (through counsel) shall submit to the Office of the Clerk and shall serve on each other party (via counsel) a memorandum of not more than three pages setting out: 1) the perceived strength(s) of that party's claims/defenses; and 2) the perceived weakness(es) of any opposing party's claims/defenses.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 13, 2014